UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH R. WILSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:15-CV-01912-JAR |
|  | ) |  |
| TROY STEELE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Kenneth Wilson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). The matter is fully briefed and ready for disposition. For the following reasons, Petitioner's Petition under 28 U.S.C. § 2254 is **DENIED** and this action is **DISMISSED**.

**I.  Background**

On October 21, 2013 Petitioner pled guilty in in the Circuit Court of the City of St. Louis, Missouri to two counts of robbery in the first degree and two counts of armed criminal action. Petitioner was sentenced to concurrent terms of twenty years imprisonment on the robbery counts and ten years imprisonment on the armed criminal action counts, which sentences were to run concurrently with a sentence Petitioner was serving on a robbery case from St. Louis County. Petitioner did not appeal his convictions or sentence.

Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. In his motion, Petitioner alleged that he "entered a plea rather than going to trial only because his plea counselor was unprepared to represent him at a trial and that had counsel been adequately prepared he would have insisted on challenging the State's

1

evidence at trial." (Doc. No. 9-1 at 41-49). Petitioner also alleged his plea counsel was ineffective because she "failed to review all relevant discovery with [him] prior to his plea, specifically a DVD of the events related to the robbery . . ." (Id.). The State court denied Petitioner's post-conviction motion without an evidentiary hearing (Doc. No. 9-1 at 50-66), and the Missouri Court of Appeals affirmed the denial (Doc. No. 9-4), finding Petitioner's guilty plea was knowing and voluntary.

Petitioner is currently incarcerated at Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises two grounds for relief:

(1) That Petitioner received ineffective assistance of counsel resulting in an involuntary guilty plea; and

(2) That Petitioner received ineffective assistance of counsel, in that "plea counsel's failure to show [him] the surveillance footage meant that he did not have a [sic] understanding of the evidence against him and his plea was therefore unknowingly entered."

(Doc. No. 1 at 2-3).

## II. Standard of review

Where a claim has been adjudicated on the merits in state court, a writ of habeas corpus cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Habeas review is limited to the record before the state court that adjudicated the claim, Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011); 28 U.S.C. § 2254(d)(1), and the state court's

2

factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290, 293 (2010). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71), *cert. denied,* 522 U.S. 1093 (1998)). Clear and convincing evidence that State court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

In the context of a guilty plea, a defendant who pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56–57 (1985). To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice in the context of a guilty plea, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance." Bell v. Cone, 535 U.S. 685, 698–99 (2002). "Rather, he must show that the [state court] applied Strickland to the facts of his case in

an objectively unreasonable manner." Id. at 699.

## III. Discussion

In Ground 1, Petitioner asserts that he entered a plea rather than going to trial because his plea counsel was not adequately prepared to represent him. In denying this claim, the post-conviction motion court noted that a plea of guilty generally waives any future complaints about counsel's failure to investigate and prepare for trial. See, e.g., Estes v. State, 950 S.W.2d 539, 532 (Mo. Ct. App. 1997). (Doc. No. 9-1 at 55). The court examined Petitioner's testimony at the plea hearing that he had spoken with his attorney enough to make a decision about whether or not to plead guilty, and that he understood all his rights regarding a jury trial. Petitioner testified that he told his attorney all the facts surrounding the crimes with which he had been charged, that his attorney had fully answered his questions, and that she had done what he asked her to do. Petitioner stated he had no complaints with his attorney and confirmed he was in no way forced to plead guilty.

At the sentencing hearing, Petitioner again confirmed he had had enough time to discuss the charges with his attorney before pleading guilty. He reaffirmed that his attorney had answered all of his questions, explained all of his rights, and had not made any threats or promises to get him to plead guilty. When asked if his counsel had done what he asked of her, Petitioner's only complaint was that he wanted his attorney to negotiate a "cap" on his plea; he did not assert that counsel was unprepared for trial or that he did not want to plead guilty. Petitioner's counsel responded that she had attempted to negotiate with the prosecutor. Petitioner then testified that with the exception of the issue with the "cap," he had no complaints with his counsel and thought she had done a good job for him. (Doc. No. 9-1 at 56).

4

The state motion court also noted that Petitioner "cite[d] the rule that in order to show ineffective assistance based on the failure to adequately prepare for trial a movant must allege that trial counsel failed to discover specific information before trial; that the information would have been discovered by reasonable investigation; and that the undiscovered information would have provided Movant with a viable defense. However, the cases relied on which cite this rule were trials. Further Movant has not stated what viable defense he had." (Id. at 57-58).

Petitioner advanced this claim on appeal and the Missouri Court of Appeals denied it, as follows:

> [Petitioner] did not point to any specific errors or omissions by his trial counsel in support of his assertion that she was unprepared for trial. Such vague, conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. See Morrow v. State, 21 S.W.3d 819, 824 (Mo. banc 2000) ("Where the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the Strickland standard for ineffective assistance of counsel.").

(Doc. No. 9-4 at 6).

In Ground 2, Petitioner asserts his counsel was ineffective because she failed to review all relevant discovery with him prior to his plea, and specifically surveillance footage of events related to the robbery. Petitioner raised this claim before the state motion court, and the court denied the claim, as follows:

> Significantly Movant does not allege the DVD contained exculpatory evidence. Movant admitted to committing the robbery at the Currency Exchange. Further, as stated with regard to the first allegation, a plea of guilty generally waives non-jurisdictional defenses, and complaints about counsel's failure to investigate and prepare for trial.

(Doc. No. 9-1 at 58).

Petitioner unsuccessfully advanced the claim on appeal:

With regard to his claim that trial counsel was ineffective for failing to review with him the surveillance footage of one of the robberies, [Petitioner's] claim fails because he did

5

not allege how this resulted in any prejudice to him. In fact, the record demonstrates otherwise. The prosecutor described the video as showing [Petitioner] robbing a victim at gunpoint. We fail to see how reviewing a videotape of one of the crimes that were discussed in detail at [Petitioner's] plea hearing and which [Petitioner] admitted committing rendered his plea unknowing or that [Petitioner] was prejudiced. Thus, [Petitioner's] claim in this regard, is refuted by the record.

(Doc. No. 9-4 at 6).

Upon consideration, the Court finds the decision of the Missouri Court of Appeals is entitled to deference. The appellate court found Petitioner's guilty plea was made knowingly and voluntarily (id.), and a review of the state court record supports that finding. Petitioner acknowledged that he understood the possible range of punishment for each count and the constitutional rights he waived in pleading guilty. Petitioner further testified he had ample opportunity to speak with his counsel, he told counsel everything he wanted her to know, that counsel had done everything he had asked her to do, and he was satisfied with counsel's representation. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Therefore, "while a guilty plea taken in open court is subject to collateral attack, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir.) (internal quotation marks and citations omitted), *cert. denied,* 493 U.S. 941 (1989).

Further, Petitioner did not set forth what information his counsel failed to discover or how that information would have helped him at trial. With regard to the surveillance footage, Petitioner did not explain how counsel's failure to review it with him resulted in any prejudice to him, particularly since the prosecutor described the video as showing Petitioner robbing a victim at gunpoint. Under these circumstances, Petitioner's request for habeas relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] is **DENIED**, and his claims are **DISMISSED with prejudice.** A separate Order of Dismissal will accompany this Memorandum and Order

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied,* 525 U.S. 834 (1998).

Dated this 22nd day of January, 2019.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**